Oldham; j. This was a bill filed by the appellant against the ap-pellee as administratrix of William Irons; deceased. The bill charges that appellant agreed to work on a mill for the deceased, and was to be paid according to the written promise of Irons, set forth in the bill; that under said agreement, he worked a number of days and completed the mill; and that Irons made him certain payments, but refused to pay the balance due. That Irons had died leaving a will, but appointed no executor, and that letters of administration, with the will annexed, had been granted die appellee. The bill prays an account, &c. A demurrer was filed to the bill and sustained by the Circuit Court; and the cáse has been brought to this court by appeal. We can see nothing in this case which will authorize a court of équity to takes jurisdiction. The complainant seems to be advised of all the facts; he alleges no defect of proof, or that the facts lie Within the peculiar knowledge of the defendant. The transaction took place with the deceased, arid the administratrix cannot be presumed to be intimately acquainted with it,- so as to make a discovery, unless it should be so alleged by the bill. No books, papers, or vouchers are alleged to be in the possession of the defendant, which are required to be produced for the purpose of stating an account. The bill simply makes out a case of Work and labor, for which, partpayhrent has been made: and for the recovery of the residue, the remedy afforded by an action of assumpsit is ample and com-píete. This is not such a case as a court of equity will take jurisdiction of, for the purpose of stating an account, as it is clearly shown by Mr. Justice Story, in his commentary under that head. 1 Sto. Eq. 423; also, Porter v. Spencer, 2 J. C. R. 171. Dinwiddie v. Baily, 6 Vez. 136. We think the Circuit Court correctly sustained the demurrer, and dismissed the bill- Decree affirmed.